**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*
*1007 N. Orange Street, Suite 700*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*
*FAX (302) 573-6220*

April 18, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

  Re: **United States v. Juan Aguilera-Zurita**
     **Criminal Action No. 07-07-JJF**

Dear Judge Farnan:

  The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. The parties respectfully request that the Court schedule a Change of Plea hearing with counsel. An original, executed Memorandum will be submitted at the Change of Plea hearing

              Respectfully Submitted,

              COLM F. CONNOLLY
              United States Attorney


           BY: /s/ Robert F. Kravetz
             Robert F. Kravetz
             Assistant United States Attorney

Enc.

cc: Edson Bostic, Esq.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-07-JJF |
| ) | |
| JUAN AGUILERA-ZURITA ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Robert F. Kravetz, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Juan Aguilera-Zurita, by and through his attorney, Edson Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with illegal reentry following an order of removal subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) & (b)(2). The maximum penalties for Count One are twenty years imprisonment, a $250,000 fine, three years of supervised release, and a $100.00 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following essential elements of the offense: (1) the defendant is an alien; (2) the defendant was removed from the United States; (3) the defendant thereafter was

found in the United States; (4) without having obtained permission from the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States.

3. The Government represents to the defendant its belief that the defendant's aggravated assault felony conviction on August 13, 2002, in the Chester County Court of Common Pleas (Pennsylvania), prior to his removal from the United States, was an "aggravated felony offense" as defined in 8 U.S.C. 1101(a)(43)(B).

4. The United States represents to the defendant that, based on the information available, the United States believes that his offense level (before acceptance of responsibility) should be 24. That offense level calculation utilizes a base offense level of 8 (U.S.S.G. § 2L1.2(a)), which is increased 16 levels because defendant previously was removed from the United States after a conviction for a crime of violence. (U.S.S.G. § 2L1.2(b)(1)(A)).

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of

his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1(b).

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____          _____
Edson Bostic, Esquire                Robert F. Kravetz
Attorney for Defendant               Assistant United States Attorney


_____
Juan Aguilera-Zurita
Defendant

Dated:


      **AND NOW**, this _____ day of _____, 2007, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


                                              _____
                                              Hon. Joseph J. Farnan, Jr.
                                              United States District Judge